IN THE UNITED STATES DISTRICT COURT
FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| | : | |
| DEBRA CORTEZ | : | NO. 18-101-8 |

**DEFENDANT DEBRA CORTEZ'S MOTION TO DISMISS AND FOR ALTERNATIVE RELIEF**

Defendant Debra Cortez, by and through her undersigned counsel, moves the Court for the following relief:

1. dismissal of the Superseding Indictment against her based on the Government's violation of Fed. R. Crim. P. 16; based on violation of Ms. Cortez's due process rights under the Fifth Amendment, as the government has violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; and based on defendant Cortez's speedy trial rights under the Sixth Amendment and 18 U.S.C. § 3161.

2. dismissal of the Superseding Indictment pursuant to Fed. R. Crim. P. 48(b).

3. for an Order compelling the Government to disclose all reports related to confidential sources and all information regarding the benefits received by or promised to each confidential source.

4. in the alternative, if the Court declines to dismiss the Superseding Indictment, the Court should preclude the use of the late-produced evidence.

1

In support of this motion, defendant Cortez avers that the Government has withheld exculpatory and impeachment evidence in violation of *Brady* and its progeny, causing material prejudice to defendant Cortez. Various codefendants have filed comprehensive motions to dismiss and memoranda in support thereof, on the same grounds. In the interest of not repeating well-briefed and covered legal and factual arguments, defendant Cortez hereby seeks also to join in and incorporate by reference the relevant aspects of those filings by codefendants. Defendant Cortez hereby joins in and incorporates the arguments submitted in the following codefendant filings:

A. Defendant White's Motion to Dismiss and Memorandum in Support thereof (Docket # 464);

B. Defendant Nikparvar-Fard's Motion to Dismiss and Memorandum of Law in Support (Docket# 462);

C. Defendant Hollis' Motion to Dismiss (Docket # 465);

D. Defendant Brown's Motion to Dismiss (Docket # 466).

Those referenced filings by codefendants present detailed facts and chronologies of the Government's *Brady* and discovery violations, leading also to the deprivation of defendant Cortez's speedy trial rights. In addition, Defendant Cortez avers as follows:

1. Ms. Cortez was charged by Superseding Indictment on January 9, 2019 (Docket # 14).

2. Trial was originally scheduled for April 20, 2020. In or about October 2019, the government advised that the full set of patient files that was possessed by the Government and provided to its expert was not produced to defense counsel. By letter from the government dated February 27, 2020, the government disclosed to defense counsel additional

voluminous discovery which contained over 13,000 pages of medical records (46 patient files) on which the government's expert witness relied. In light thereof, trial continuances were necessary and trial was continued to June 15, 2020 (Docket # 210).

3. Because of the COVID-19 pandemic and Standing Orders of the Court, trial further was continued multiple times, to May 31, 2022. At an April 18, 2022 pre-trial conference, the Government advised that it would produce substantial additional discovery materials, which included previously undisclosed undercover operations, about 60 hours of video footage, 16 hours of audiotape, patient files, search warrant photographs, and interview and investigative records. Most of those materials had been in the possession of the government for a lengthy time period.

4. Evidence that tends to establish that Ms. Cortez and her codefendants were practicing medicine consistent with legitimate medical standards is exculpatory. The discovery provided, among other things, indicated that the government -- prior to several 'come and gone' trial dates -- failed to produce exculpatory materials such as reports of interviews of witnesses who stated that alleged coconspirator codefendants of Ms. Cortez's counselled patients to get off of pain medications. Ms. Cortez is charged as a co-conspirator with having "knowingly rented, used, and maintained a place., and aided and abetted the rental, use, and maintenance of a place, commonly known as Advanced Urgent Care, a medical office located at 9432 East Roosevelt Boulevard, Philadelphia, for the purpose of unlawfully distributing controlled substances, including oxycodone and methadone, Schedule II controlled substances. In violation of Title 21, United States Code, Sections 856(a)(1) and Title 18, United States Code, Section 2." Superseding Indictment, Count 2, Count 3, and Count 4 (Docket #

14).

       5. Dismissal of the Superseding Indictment is the appropriate remedy on Fifth Amendment due process grounds because the Government's conduct herein resulted in substantial prejudice to Ms. Cortez. The consistent delayed disclosures at the hands of the Government so undermines the confidence in this case that a trial cannot result in a fair verdict. Ms. Cortez has suffered prejudice in the preparation of her defense; has for almost four years been subjected to a roller-coaster of lengthy trial continuances particularly occasioned by the government's substantial failures of discovery and *Brady* disclosures. She has had to worry over her future, her family's future, the possibility of conviction and incarceration, and the future of her profession and professional license as a physician's assistant, and her DEA registration, among other things. Ms. Cortez had to notify her employer each time about an anticipated trial date, only to advise of the continuance of such multiple times as well, creating anxiety and concerns that her employment could be negatively impacted, on which she relies to support herself and her family. Her career and any growth therein has been stunted by the pendency of these charges with no trial for almost four years. Witnesses and Ms. Cortez will by operation of human nature have failed and lessened recollections of events that took place between six and nine years ago, further prejudicing Ms. Cortez's trial defense.

For the foregoing reasons, and those set forth in the joined in filings by codefendants, the Court should compel disclosure of the requested discovery set forth in the joined-in codefendant's motions, and should dismiss the Superseding Indictment against defendant Cortez. If the Court declines to dismiss the Superseding Indictment, in

the alternative it should preclude the use of the late-produced evidence.

                                      Respectfully submitted,

                                      <u>/s/ Rocco C. Cipparone, Jr.</u>
                                       Rocco C. Cipparone, Jr.
                                      Attorney for Debra Cortez

Dated: October 26, 2022